# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2011

No. 10-40538
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE HERNANDEZ, also known as Jorge Alberto Hernandez-Jaramillo, also
known as Jorge A. Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CR-34-3

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Hernandez appeals his jury trial conviction and 155-month sentence
for conspiracy to possess with intent to distribute and dispense five kilograms
or more of cocaine. He argues that the evidence was insufficient to sustain his
conviction and that several comments by the prosecutor and Government
witnesses rendered his trial unfair.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hernandez moved for a judgment of acquittal at the close of the Government's case-in-chief but failed to renew the motion at the close of all evidence. Therefore, our review of his sufficiency challenge is limited to whether there has been a "manifest miscarriage of justice," which occurs when the record is devoid of evidence of guilt or if the evidence on a key element of the offense is so tenuous that a conviction would shock the conscience. *See United States v. Miller*, 576 F.3d 528, 529-30 & n.2 (5th Cir. 2009) (internal quotation marks and citations omitted); *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007).

Hernandez argues that the evidence was insufficient to establish his identity as a co-conspirator; he argues that the crucial factor of the Government's case was proving that an individual known as "D-Town" was Hernandez but that the Government's only two eyewitnesses did not positively identify him at trial. He also argues that the Government failed to prove his knowledge of the conspiracy and his voluntary participation in same. Contrary to Hernandez's assertions, the record demonstrates that a co-conspirator, Jose Pedraza, unequivocally identified Hernandez as the individual he met with to discuss the transaction and who later delivered the cocaine to him and also that a Drug Enforcement Administration agent identified Hernandez's voice as belonging to the same person he spoke to when calling the D-Town phone. The evidence also included substantial corroborating evidence, such as (1) the arrest of Hernandez and his friend Ricardo Garcia, whose fingerprint was on the cocaine packaging, as the two men were following a truck to the purported payoff locale; (2) the recovery of the D-Town phone in close proximity to Hernandez; (3) Garcia's statement that Hernandez "gets the phone calls"; (4) the record of phone calls between the D-Town phone and Pedraza's phone; and (5) the recovery of phone numbers for Pedraza, the Mexican cocaine suppliers, Hernandez's friend, and his wife's best friend from the directory of the D-Town phone.

Hernandez's concerted actions with other known members of the conspiracy rose to a level of more than just mere association or mere presence in an unsavory atmosphere. *See United States v. Garcia Abrego*, 141 F.3d 142, 155 (5th Cir. 1998). The record contains ample direct and circumstantial evidence of Hernandez's involvement in the drug conspiracy; accordingly, he has failed to demonstrate that the record is devoid of evidence of his guilt or that the evidence on a key element of his offense is so tenuous that his conviction should shock the conscience. *See Rodriguez-Martinez,* 480 F.3d at 307; *see also United States v. Ramirez-Velasquez,* 322 F.3d 868, 881 (5th Cir. 2003) (affirming conspiracy conviction, under a less strict standard, where the "aggregation of circumstances" supported jury's verdict).

Hernandez also argues that the prosecutor and certain Government witnesses made improper statements during trial, closing argument, and rebuttal closing argument. Because he did not object to the remarks at trial, review is for plain error. *United States v. Dunigan*, 555 F.3d 501, 508 (5th Cir. 2009). Hernandez first challenges the prosecutor's statements during the rebuttal closing argument, urging the jury to consider the facts, not "trial tactics," "character assassination," or "trickery." However, viewed in context, the prosecutor's comments were directed to defense counsel's arguments, not the integrity of defense counsel. Even assuming that the prosecutor's remarks constituted obvious error, Hernandez has not shown that they had the "probable effect" of preventing the jury from "judg[ing] the evidence fairly." *United States v. Young*, 470 U.S. 1, 12 (1985). The evidence against Hernandez was "substantial," *id*. at 20, and Hernandez points to no reason why the jury should not be presumed to have heeded the district court's instructions that remarks of counsel are not evidence. *See United States v. Gallardo-Trapero*, 185 F.3d 307, 321 (5th Cir. 1999).

Another comment during closing argument about which Hernandez complains – that he was the nephew of Nene, the Mexican source of the drugs

3

– was not improper because the prosecutor was merely urging those inferences and conclusions she wished the jury to draw from the evidence. *See United States v. Machuca-Barrera*, 261 F.3d 425, 436 (5th Cir. 2001). Consequently, there was no prosecutorial misconduct in this regard. Hernandez next complains that the prosecutor and Government witnesses made repeated misleading statements during trial that the D-Town phone was taken from his person. It is not necessary to decide the question of the propriety of those comments as Hernandez cannot demonstrate any prejudice. That is, the record shows that several law enforcement agents testified explicitly that the D-Town phone was recovered from the front dashboard area of the vehicle at issue, not from Hernandez's person. Because he cannot demonstrate that the comments prejudiced his substantive rights and in light of the overwhelming evidence of his guilt (including his responsibility for the D-Town phone), Hernandez has not shown plain error. *See United States v. Thompson*, 482 F.3d 781, 785 (5th Cir. 2007).

Hernandez additionally argues that the prosecutor, in challenging his theory of defense during closing argument, improperly commented on his right to remain silent and his failure to testify on his own behalf. There is no error, however, as the complained-of comments simply pointed out the lack of evidence in support of the defense theory that Hernandez was in the Dallas area searching for vehicles to purchase and resell. *See United States v. Mackay*, 33 F.3d 489, 495-96 (5th Cir. 1994). Finally, Hernandez contends reversal is required due to cumulative error of the prosecutor's comments. "Having determined . . . that none of his claims warrant reversal individually, we decline to employ the unusual remedy of reversing for cumulative error." *United States v. Fields*, 483 F.3d 313, 362 (5th Cir. 1995).

AFFIRMED.